UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUOXI LIN,<br>(A-Number: 245-902-673)<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF GOLDEN STATE<br>ANNEX, et al.,<br><br>Respondents. | No. 1:26-cv-03500-JLT-EGC (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION AND ORDER BOND HEARING<br><br>[10-DAY DEADLINE] |

Petitioner Guoxi Lin is an immigration detainee proceeding with a petition for writ of habeas corpus. (ECF No. 1.) He is a native and citizen of China who unlawfully entered the United States on or about March 13, 2024. (ECF No. 6-1 at 3.) The Department of Homeland Security ("DHS") released him into the United States on an Order of Release on Recognizance shortly thereafter. (ECF No. 6-1 at 3.)

On or about April 22, 2026, Petitioner was arrested and charged in Fresno County for violating Cal. Penal Code § 148(A), Obstruction of a Public Officer, a misdemeanor. (ECF No. 6-2 at 3-4.) The charges are currently pending. (ECF No. 6-1 at 3.) Upon release from custody by the Fresno County Sheriff's Department, Immigration and Customs Enforcement ("ICE") agents took Petitioner into custody. (Id.) He has been detained since then.

On May 6, 2026, Petitioner filed the instant petition. (ECF No. 1.) He complains that he

1

was re-detained in violation of his substantive and procedural due process rights. (ECF No. 1 at 7-12.) On May 13, 2026, the Court issued an order directing Respondents to show cause whether there were any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). (ECF No. 5.)

On May 17, 2026, Respondents filed a response to the order to show cause. (ECF No. 6.) Respondents acknowledge that "[t]his matter is not substantively distinguishable from the Court's prior precedent." (ECF No. 6 at 1.) Nevertheless, Respondents point to Petitioner's arrest as the reason for his re-detention. (ECF No. 6 at 3.) Petitioner argues in reply that his "encounter with law enforcement that led to [his] re-detention" cannot be considered valid justification for application of § 1225. (ECF No. 7 at 3.) As to the statutory basis for detention, Respondents continue to maintain their position, which this Court has repeatedly rejected in the cases noted above, that Petitioner's detention is mandatory under expedited removal procedures set forth at 8 U.S.C. §1225(b)(2). (ECF No. 6 at 2-3.) In line with the Court's previous cases, the Court finds that Petitioner's release on recognizance created a strong liberty interest in remaining free of detention. As in those previous cases, the Court finds that Respondents' deprivation of Petitioner's liberty interest violated his due process rights.

The parties acknowledge that Petitioner's arrest and pending charge for obstruction of a public officer brought Petitioner to Respondents' attention and led to his re-detention. Yet, the records reflect only an arrest and pending charges. "The contention that an arrest, without more, constitutes evidence of criminal activity is without merit." *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026) (quoting *Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006)). Nevertheless, Respondents' "reliance on those violations is 'not obviously pretextual.'" *M.R.R. v. Chestnut*, 2025 WL 3265446, at *12 (quoting *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025)). In such a case, as other courts

2

have done, the Court concludes that prompt, post-deprivation process is required here, and that Petitioner should be provided a bond hearing before an immigration judge. *Id*.; *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025). In line with previous cases, the Court finds that the Government should bear the burden of proof at any such hearing to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight. *M.R.R.*, 2025 WL 3265446, at *14; *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025).

RECOMMENDATION

For the foregoing reasons, the Court hereby RECOMMENDS that Respondents be ordered to provide Petitioner with a substantive bond hearing at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. In addition, the Court recommends that at any such hearing, the Government should bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This

3

recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: __**May 21, 2026**__

_____
UNITED STATES MAGISTRATE JUDGE