**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GUOXI LIN,
(A Number: 245-902-673)

               Petitioner,

    v.

WARDEN, GOLDEN STATE ANNEX, et al.,

               Respondents.

Case No. 1:26-cv-03500-JLT-EGC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; ORDERING RESPONDENTS TO RELEASE PETITIONER IMMEDIATELY

(Doc. 8)

Guoxi Lin is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) On May 22, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the Petition and order Respondents to provide Petitioner with a bond hearing because a charge against Petitioner for obstructing a peace officer (a misdemeanor) appeared to be pending in state court. (Doc. 8) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within ten days. (*Id.* at 3.) Petitioner filed timely objections on May 29, 2026. (Doc. 9.)

On June 25, 2026, the Court requested additional information about the status of the state charges. (Doc. 11.) On June 27, 2026, Respondents filed a status report indicating that his RAP sheet "appears to show no current state or local charges." (Doc. 14.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this

case, including Petitioner's objections. Having carefully reviewed the matter, the Court agrees with the Findings and Recommendations that the Petition should be granted. To the extent Petitioner is requesting an explicit finding that he cannot be detained pursuant to 8 U.S.C. § 1225(b), the Court makes such a finding here, even though the findings and recommendations implicitly so hold. (*See* Doc. 8 at 2.) As this Court has found on numerous occasions, persons in Petitioner's situation—that is, those who were previously released by DHS on an order of recognizance—are not subject to mandatory detention under § 1225(b). *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC), 2025 WL 2938808, at *14 (E.D. Cal. Oct. 16, 2025) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025).

Given the recent confirmation that the charges against Petitioner have been dismissed and because the record is devoid of any indication that Petitioner is a danger to the community or a flight risk, the Court will depart from the Findings and Recommendations and order Petitioner's immediate release. Thus, the Court **ORDERS:**

(1) The petition for a writ of habeas corpus is **GRANTED.**

(2) Respondents are **ORDERED** to release Petitioner immediately.

(3) Respondents are further **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];

(4) The Clerk of Court is directed to transmit a copy of this order to the Golden State

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

Annex and then to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:   **June 29, 2026**

UNITED STATES DISTRICT JUDGE